**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3103
_____

JAMES L. GLOVER,
                         Appellant

v.

SCOTT FIDAANND, CHIEF OF POLICE AGENCY HEAD; HORSHAM POLICE
DEPARTMENT; OFFICER BONITA RODRIGUEZ, AND OTHER OFFICERS
INVOLVED
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-23-cv-02056)
District Judge:  Honorable Timothy J. Savage
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 20, 2024

Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: June 25, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

James Glover appeals pro se from the District Court's order dismissing his civil rights complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). For the reasons that follow, we will affirm.

I.

Glover's complaint alleged that, on March 30, 2021, officer Bonita Rodriguez with the Horsham Police Department violated his Fourth Amendment rights while responding to a call at a business in Horsham, Pennsylvania. Upon arriving at the scene, Officer Rodriguez approached Glover, who was openly carrying two handguns and a rifle while riding a bicycle. Rodriguez asked Glover a question, but when Glover refused to answer, did not pursue the matter further with him. After Glover had left the area, Rodriguez acquired Glover's name and information from the business's proprietor, and searched Glover's information in the National Crime Information Center ("NCIC") database and Pennsylvania firearm registry system.

Glover's complaint alleges that this conduct amounted to a violation of his Fourth Amendment rights, because officers "illegally obtained" his personal information from the business's proprietor without probable cause. Glover further alleges that his right to bear arms was violated under the Pennsylvania Constitution, Article 1, § 21, and that officers have subsequently destroyed video evidence of the incident in violation of "Title 18 United States Code." The District Court screened and dismissed the complaint for

2

failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) after concluding that Glover's claims were barred by the statute of limitations. This appeal followed.

## II.

On appeal, Glover argues that the District Court erred in dismissing his claims as barred by the statute of limitations because he only learned of his injury after receiving a copy of the police report from the incident. Even if he is correct, however, he is not entitled to relief because he has failed to state a claim on which relief can be granted. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) ("We may affirm the district court on any ground supported by the record.").

Glover's primary claim is that Officer Rodriguez violated his rights under the Fourth Amendment, which guarantees "the rights of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. However, the Fourth Amendment was not violated when Officer Rodriguez approached him and asked him a question, see Florida v. Bostick, 501 U.S. 429, 434 (1991); United States v. Goerig, -- F.4th --, 2024 U.S. App. LEXIS 12143, at *5-6 (3d Cir. 2024), as he seems to acknowledge. Nor were his Fourth Amendment rights violated when Officer Rodriguez obtained information about him from a third party, see generally United States v. Hall, 28 F.4th 445, 458 (3d Cir. 2022), or used that information to run background checks via state-controlled databases, see United States v. Ellison, 462 F.3d 557, 562 (6th Cir. 2006); Eagle v. Morgan, 88 F.3d 620, 627–28 (8th Cir. 1996). His Fourth Amendment claim, therefore, fails as a matter of law.

3

Glover's other claims likewise fail because neither the federal criminal statute nor the provision of Pennsylvania's constitution he cites provides a private cause of action, see Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190-91 (1994); Gary v. Braddock Cemetery, 517 F.3d 195, 207 n.4 (3d Cir. 2008); Benn v. Universal Health Sys., Inc., 371 F.3d 165, 174 (3d Cir. 2004). And, in these circumstances, we are satisfied that amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Accordingly, we will affirm the District Court's judgment.